LOLLEY, J.
| ;The plaintiff, Ronald Wayne Shively, appeals a judgment by the Eighth Judicial District Court, Parish of Winn, State of Louisiana, dismissing his claims with prejudice against the defendants, Delloyd Brunson, Jr., Dewayne Higgs, Kerry Paige, William Larry Peevy, Leonard lies, Norman Vicknair, Donald Ray Boyett, Billy Boyer, Alvin Vines, and Rex Higgs (the “defendants”). For the following reasons, we affirm the trial court’s judgment.
Facts
Ronald Wayne Shively filed an action in quo warranto against the defendants.[1] According to Shively, the defendants “claim” to be the board of directors of the Dodson Road Hunting Club, Inc. (the “hunting club”), a Louisiana nonprofit corporation domiciled in Winn Parish, Louisiana. Shively requested that a writ of quo warranto be issued by the trial court ordering the defendants to show by what authority they held the position as directors of the hunting club. Shively argued that the defendants have usurped the power of the hunting club and do not have authority to act as directors. Specifically, he questioned amendments to the hunting club’s articles of incorporation made in June 1994 and May 1996, and he requested the trial court to forbid the defendants from exercising any power in connection with the hunting club and declare an election for new directors.
|2The trial court set a hearing date of September 30, 2013, on Shively’s action. The defendants answered and also responded by filing dilatory exceptions of vagueness and nonconformity of the petition and peremptory exceptions of no right of action and no cause of action. Notably, the defendants did not file a peremptory exception of prescription.
The record reflects that at a pretrial conference on the date of the scheduled hearing, the trial court was advised by counsel of the applicability of La. R.S. 12:208. Based on the statute, the trial court determined that the actions by the hunting club that Shively was complaining of had occurred many years prior (in the 1990s) — in excess of one year of the filing of his petition — and his claims were pre *552 scribed. Thus, Shively’s claims were dismissed with prejudice against the defendants, and his appeal ensued.
Discussion
On appeal, Shively argues generally that the trial court erred in dismissing his claims based on La. R.S. 12:208. Specifically, he argues that the statute refers to “an act of a corporation,” when in fact, his claims are in regard to the acts of the directors. We agree with the trial court that La. R.S. 12:208 is applicable and Shively’s claims were properly dismissed, however, not precisely as stated by the trial court in its judgment.
Here, the trial court considered La. R.S. 12:208, which states as follows, in pertinent part:
A. Invalidity of an act of a corporation, or of a conveyance or transfer of movable or immovable property to or by a corporation, by reason of the fact that the corporation was without capacity or power to perform such act or to make or receive such conveyance or transfer, may be asserted only:
|3(1) In an action by a member of the corporation to set aside such act, conveyance or transfer, brought within one year after the act was done or the conveyance or transfer was consummated, which time limit shall not be subject to suspension on any ground or interruption on any ground other than timely suit....
Initially, we note that pursuant to La. R.S. 12:237(A), “[a] corporation may amend its articles in compliance with any method stipulated in its articles.” (Emphasis added). Considering that a corporation is a juridical entity, such actions as amendments to articles can only be taken by the directors and officers of the corporation—the management arms of a corporation. La. R.S. 12:224 and 12:225. Although Shively argues that La. R.S. 12:208 is inapplicable in this case because the amendments were acts of the directors and not of the hunting club, a Louisiana nonprofit corporation, his argument is misplaced. In 1994 and 1996, amendments to articles were made by the hunting club, a corporation acting through its board of directors. Thus, the statute is applicable.
Problematic in this case is that the trial court dismissed Shively’s claims based on prescription. Although the trial court noted that under La. R.S. 12:208 Shively’s claim had prescribed, the record does not reflect that an exception of prescription was ever filed by the defendants. Louisiana C.C.P. art. 927 requires that an exception of prescription must be brought by a party and “shall be specially pleaded.” The peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision. La. C.C.P. art. 928(B). The trial court stated on the record that it had been “notified of the existence of [the statute]”; however, there is nothing in the record regarding prescription of |4Shively’s claims, other than that statement. Therefore, it does not appear that an exception of prescription had actually been brought and “specially pleaded” by the defendants. Shively does not raise the issue on appeal, although he did raise the argument at the trial court that the defendants had failed to bring the peremptory exception of prescription. Obviously, Shively’s claims are prescribed. Nonetheless, the trial court could not dismiss Shively’s claims based on prescription, because no such exception had been filed by the defendants.
However, Shively’s claims against the defendants (in their capacity as directors of a corporation) cannot survive for another reason apart from prescription, but also pursuant to La. R.S. 12:208. The defendants actually filed a peremptory ex *553 ception of no right of action, claiming initially that Shively has no right of relief because he has “no justiciable interest in this matter.” Clearly, under La. R.S. 12:208, Shively does not have a right of action to claim the invalidity of a corporate act, because he is not a member of the hunting club. The statute is clear that to attack the validity of a nonprofit corporation’s act, one must be a member of the corporation. Shively makes no allegation that he is a member of the hunting club, nor did he present any evidence at the hearing on the exception proving that he indeed had a right of action. In fact, it is not entirely clear from this record what association Shively has with the hunting club. This fact was confirmed at the oral argument on appeal. As a result, Shively’s claims against the defendants were properly dismissed pursuant to La. R.S. 12:208.
| ^Conclusion
For the foregoing reasons, the judgment of the trial court dismissing with prejudice the claims of Ronald Wayne Shively is affirmed. Appellant is to bear all costs of this appeal.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, LOLLEY and PITMAN, JJ.
Rehearing denied.

. Pursuant to La. C.C.P. art. 3901, “Quo war-ranto is a writ directing an individual to show by what authority he claims or holds public office, or office in a corporation, or directing a corporation to show by what authority it exercises certain powers. Its purpose is to prevent usurpation of office or of powers.”